

FILED BY_____D.C.

AUG 1 8 2023

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - MIAMI

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
## MIAMI FLORIDA DIVISION

Civil Case No. _____

JOHN DOE,

Plaintiff

vs.

JUDICIAL QUALIFICATIONS COMMISSION STATE OF FLORIDA,

Defendant

## COMPLAINT UNDER THE CIVIL RIGHTS ACT, 42 U.S.C. § 1983

### I.   Party Information

PLAINTIFF:  John Doe is a born U.S. Citizen and resident of the State of Florida.
Address: 256 Three Islands Blvd, Apt. 112, Hallandale Beach, Fl. 33009.
YEAR OF BIRTH:  1949

vs.

DEFENDANT: Judicial Qualifications Commission of the State of Florida.
OFFICIAL POSITION: A Florida state agency vested with jurisdiction to
investigate and recommend to the Supreme Court of Florida the removal or
reprimand of any justice or judge and is responsible for the enforcement of Article
V, § 12 of the Florida Constitution.
PLACE OF EMPLOYMENT:  325 John Knox Road, Building E, Suite 200,
Tallahassee, Florida, 32303. Telephone: (850) 488-1581

### II.   Jurisdiction

Plaintiff claims federal jurisdiction pursuant to Article III § 2 which extends the
jurisdiction to cases arising under the U.S. Constitution. Plaintiff brings this suit
pursuant to Title 42 U.S. Code §1983 for violations of certain rights and
protections guaranteed to him by the First and Fourteenth Amendment of the
Federal Constitution. The acts of Defendant, including its agents and employees
acting in their official capacities under color of state law.

### III.  Preface

A judge was recused by *court order* in a case in which the Plaintiff was a litigant.

(1)

After the judge was recused the case was randomly *reassigned* to another judge by the clerk of the court. *Subsequent* to the judge reassignment the recused judge held several post disqualification, non-emergency hearings over an extended period of time and entered several prejudicial orders against the Plaintiff in spite of the fact the case was *not pending* before the recused judge. Plaintiff was singled out by name in one of these post recusal orders. Plaintiff was left with *two* (2) judges handling the same case. The recused judge's post recusal orders violated *statute laws* including but not limited to;

1) fully participating in the case after being *recused* by court order;

2) extending an emergency temporary guardianship past the *statutory maximum 180 day limit* which interfered in the Plaintiff's ongoing litigation to become his 95 year old mother's guardian.

The above two law violations in addition multiple other violations such as but not limited to U.S. Constitutional violations, federal laws, federal & state rules of judicial administration and an exhaustive list of well settled case law caused the Plaintiff to file a complaint with the Judicial Qualification Commission of the State of Florida (herein after to be referred to as "FJQC"). However, the FJQC found no "probable cause" to file formal charges, not even a reprimand. The Plaintiff then filed a challenge to the decision, requested reconsideration and submitted addendums for the FJQC to consider including but not limited to court orders and official transcripts. Still, the FJQC affirmed their decision not to file formal charges. By the FJQC not filing formal charges the Plaintiff suffered financial losses, pain and suffering & emotional distress.

## IV.   Statement of Claims

The three claims made in this Complaint are related to the same incident or issue.
CLAIM ONE:
### Violation of the Plaintiff's U.S. Constitutional First Amendment Right to Free Speech.
The Plaintiff who is a uniquely trained, retired retail executive from various Fortune 500 Companies desires to publish articles using various media outlets and speak about his complaint that he filed with the FJQC. In addition, the Plaintiff plans to write a book about his personal experiences during a multiple years long litigation in a Florida guardianship proceeding and wants to include his FJQC complaint. Plaintiff has refrained from moving forward in any such endeavors

(2)

because he fears of prosecution for violating Article V, § 12 of the Florida Constitution. This is due to the fact that under Section 12, a complainant is permanently barred from revealing the fact that a complaint has been filed with the FJQC until such a time the FJQC may find probable cause to file formal charges with the Florida Supreme Court. Similarly, when the FJQC does not find probable cause to file formal charges with the Florida Supreme Court; (as in the Plaintiff's case), a complainant is forever barred from revealing a complaint has been filed. In keeping with FJQC policies the Plaintiff received a letter by the executive director of the FJQC stating:

"Because this inquiry did not result in a finding of probable cause and filing of formal charge, *the matter must remain confidential* pursuant to Art. V, Section 12(a) (4) of the Florida Constitution".

In a prior case similar to this one, the Honorable Judge Marcus of the United States District Court Southern District of Florida referred to Article V, Section 12 as a *scheme* when Judge Marcus stated in his decision:

"Under the *scheme* established by Section 12, a complainant is permanently barred from reveling the fact that a complaint has been filed until such a time as the Commission may find probable cause and file formal charges with the Florida Supreme Court".

Judge Marcus's described *scheme* is applicable to this case.

Plaintiff claims Article V, § 12 of the of the Florida Constitution is unconstitutional as it violates his First Amendment Right to free speech since the Plaintiff is left with no alternative means of communicating the fact that he filed a complaint against a judge with the FJQC nor does the Plaintiff have alternate means to communicate with the Florida Supreme Court that a judge has committed *statue law* violations since formal charges were not filed. Plaintiff further claims the First Amendment prohibits the FJQC, insofar as it is charged with the responsibility of enforcing Article V, § 12 of the Florida Constitution from barring this Plaintiff from revealing even the *fact* that he filed a complaint with the FJQC.

CLAIM TWO:

**Violation of the Plaintiff's U.S. Constitution Fourteenth Amendment's Equal Protection Clause Right Requiring States to Practice Equal Protection**

Plaintiff has the right to be treated & protected the same as all citizens under the *laws*. Although there is a specific Florida statute law that states once a judge is

(3)

disqualified in a case *"the judge shall proceed no further"*, the Plaintiff still received a letter from the executive director of the FJQC stating;

"The Investigative Panel of the Commission has carefully reviewed and investigated the concerns you raised and determined that this matter will not result in filing of formal charges alleging a breach of the *Code* of Judicial Conduct". "Due to the confidential nature of the proceedings, I am constrained from disclosing any specific actions undertaken by the Investigative Panel".

The above letter received by the Plaintiff demonstrates the FJQC ignored or gave no weight to the complained of violations of statute *laws*. Codes are not a substitution for legislatively passed statue laws, as laws override codes. The Plaintiff claims he was not treated nor protected equally under the laws because the FJQC implemented Judge Marcus's described *scheme* by suppressing and circumventing the Plaintiff's complained of law violations by simply not filing formal charges. Further, by the FJQC not filing formal charges the Florida Supreme Court and the public were unable to have any visibility into the complained of judge's egregious actions. The FJQC was able to bypass having to file formal charges in the Plaintiff's case because according to the above letter the Plaintiff received from the executive director of the FJQC; codes were apparently used atop of complained of statute law violations which allowed the FJQC from having to address the real pillar of the complaint which were *law* violations. Additionally, the Plaintiff claims the Fourteenth Amendment prohibits the FJQC insofar as it is charged with the responsibility of enforcing Article V, Section 12 from practicing a multiple system of equal protection under the laws by discretionarily being able to put codes or other substitutions for laws, such as their own FJQC "rules" above laws; even when laws are violated (as in this case) when deciding whether or not to file formal charges.

**Claim Three:**

## Violation of Plaintiff's Fourteenth Amendment Right to a Fair Procedural Due Process

The Plaintiff had *two* (2) judges handling the same case at the same time due to the fact a recused judge was holding hearings and entering orders post the clerk of the court reassigning the case to another judge. This is *not* a fair procedural due process. The FJQC appears to have turned a blind eye or have given no weight to this fact when deciding not to file formal charges with the Florida Supreme Court.

   V.   **Jury Demand** - NO        (4)

## VI.    Relief Request

1.  That insofar as Article V, Section 12 of the Florida Constitution prohibits complainants from revealing even the mere fact that a complaint has been filed with the FJQC be declared unconstitutional as applied to this Plaintiff.

2.  That the FJQC be enjoined from enforcing the confidential provision of Article V, §12, insofar as it inhibits the complainant from disclosing the fact a complaint has been filed with the FJQC.

3.  That insofar as Article V, Section 12 confidentiality provision does not require the FJQC to disclose all specific actions undertaken by the FJQC Investigative Panel because formal charges were not filed with the Florida Supreme Court be declared unconstitutional as applied to this Plaintiff.

4.  That having two (2) judge's handling the case in which the Plaintiff was a litigant at the same time be declared unconstitutional as applied to this Plaintiff.

5.  That Plaintiff's right to a jury trial be preserved to determine the amount of compensatory and punitive damages be awarded the Plaintiff should this Court find the FJQC violated the Plaintiff's First and or Fourteenth Amendment Rights.


I declare under the penalty of perjury the foregoing is true and correct.

_____John Doe_____                      Dated: August 15, 2023
John Doe, Plaintiff, pro-se
256 Three Islands Blvd.  Apt 112
Hallandale Beach, Fl. 33009
Telephone (305) 5192010


## CERTIFICATE OF SERVICE

**I, hereby certify** that a true and correct copy of the foregoing was served by U.S. Mail on 8/15/ 2023 on all counsel or parties of record on the Service List below.

## SERVICE LIST

Mr. Blan L.Teagle, Esq.
Executive Director: Florida Judicial Qualifications Commission
P.O. Box 14106
Tallahassee, Florida. 32317 - Phone: (850) 488-1581

_____John Doe_____                      Dated: August 15, 2023
John Doe

(5)



256 Three Islands Blvd Apt 112
Hallandale Beach, FL 33009

Retail

RDC 99

Clerk's Office
United States District Court
Southern District of Florida
400 North Miami Avenue, 8N09
Miami, FL 33128-7716